IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARVIS DUPREE ROSS, | ) | |
| ID # 37467-177, | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 3:19-CV-586-B-BH |
| | ) | No. 3:08-CR-167-B-BH (3) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received on March 8, 2019 (doc. 2)*,* should be transferred to the United States Court of Appeals for the Fifth Circuit as successive.

## I.  BACKGROUND

Jarvis Dupree Ross (Movant) was convicted of multiple counts for offenses that occurred during a series of bank robberies, and he was sentenced to a total term of 3,425 months' imprisonment. On October 5, 2015, he filed a motion to vacate sentence under 28 U.S.C. § 2255 challenging his conviction and sentence. (*See* No. 3:15-CV-3233-B, doc. 2.) It was denied on August 3, 2017. (*See id*. doc. 10.) Movant now contends that 18 U.S.C. § 924(c), one of the statutes under which he was convicted, is unconstitutional in light of *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Movant's current § 2255 motion challenges the same conviction as in his prior motion to vacate. Because he now raises claims that he could have raised in his first motion, this action is successive within the meaning of § 2255. *See In re Williams*, 806 F.3d 322 (5th Cir. 2015) (analyzing a motion for authorization to file a successive § 2255 motion raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), under 28 U.S.C. § 2255(h)(2) and 28 U.S.C. § 2244(b)(2)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider his new § 2255 motion.

### III.  RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 13th day of March, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3